[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed the instant action claiming that she was injured due to the defendant's negligence while playing tennis as a guest at the defendant's hotel on the Island of Kauai in the state of Hawaii. The plaintiff resides in Connecticut and instituted the action here. The defendant has moved to dismiss the action on the grounds that Connecticut is an inconvenient forum under the doctrine of forum non conveniens.
Specifically, the defendant asserts that Connecticut is an inappropriate forum for three reasons: (1) the incident in question occurred in Hawaii and requires the testimony of witnesses who live in Hawaii; (2) the defendant will be prevented from exercising its right to implead and seek apportionment from third parties who are not subject to personal jurisdiction in Connecticut; and (3) the public's interest is better served if this matter is litigated in the Hawaii. The plaintiff argues that she has the right to choose the forum for the resolution of this dispute and the balance of private and public interests at stake here does not warrant the court overriding that choice. For the following reasons, the court agrees with the plaintiff. CT Page 4001
Under the doctrine of forum non conveniens, the court has the discretion to decide "where the trial will best serve the convenience of the parties and the ends of justice." UnionCarbide Corporation v. Aetna Casualty Surety Co., 212 Conn. 311,319 (1989). The court should look to the balance of private and public interests outlined in Gulf Oil Corporation v. Gilbert,330 U.S. 501 (1947) in determining whether the chosen forum is inappropriate. Id.
The Connecticut Supreme Court in Picketts v. InternationalPlaytex. Inc., 215 Conn. 409 (1990) enunciated the standard that is to be used by the trial court in exercising its discretion. "Emphasis on the trial court's discretion does not, however, overshadow the central principle of the forum non conveniens doctrine that unless the balance is strongly in favor of thedefendant, the plaintiffs choice of forum should rarely bedisturbed. Although it would be inappropriate to invoke rigid rule to govern discretion; it bears emphasis that invocation of the doctrine of forum non conveniens is a drastic remedy; which the trial court must approach with caution and restraint. The trial court does not have unchecked discretion to dismiss cases from a plaintiffs chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff. Although a trial court applying the doctrine of forum non conveniens must walk a delicate line to avoid implicitly sanctioning forum-shopping by either litigant at the expense of the other; it cannot exercise its discretion in order to level the playing field between the parties. The plaintiffs choice of forum, which may well have been chosen precisely because it provides the plaintiff with certain procedural or substantive advantages, should be respected unless equity weighs strongly in favor of the defendant. The overriding inquiry in a forum non conveniens motion is not whether some other forum might be good one, or even a better one than the plaintiffs chosen forum. The question to be answered is whether the plaintiffs chosen forum is itself inappropriate or unfair because of the various private and public interest considerations involved. Accordingly, the trial court, in exercising its structured discretion, should place its thumb firmly on the plaintiffs side of the scale, as a representation of the strong presumption in favor of the plaintiffs chosen forum, before attempting to balance the private and public interest factors relevant to a forum non conveniens motion." (Citations and internal quotation marks omitted.) Id., 500-502. CT Page 4002
A review of the private and public interests involved in the litigation of this matter indicates that their measure falls to surmount the strong presumption in favor of the plaintiffs choice of forum.
The defendant argues that the private interests of the parties counsel for Hawaii as the most appropriate forum because most of the witnesses live in Hawaii and they can not be compelled to testify at any trial in Connecticut. The defendant asserts that, since the incident occurred in Hawaii, the majority of the witnesses who observed the incident and who can testify as to the maintenance of the tennis court are located there. The defendant also claims that personnel from a local hospital which treated the plaintiff following the accident would be necessary witnesses at trial. The defendant complains that none of these witnesses can be compelled to testify at trial in Connecticut. The plaintiff counters that two of most important witnesses, the plaintiff and her husband, live in Connecticut and that the majority of the medical providers who treated the plaintiff for her injuries resulting from the accident are located here.
The defendant has the burden to persuade the court that the chosen forum is inconvenient to potential witnesses for the defense. Picketts v. International Playtex. Inc., supra,215 Conn. 509. The defendant has not met that burden. "When a dismissal is premised on the convenience of witnesses, more than a mere allegation to that effect is required. Rather, the defendants must establish, with specificity, inconvenience to witnesses that is sufficiently prejudicial to justify dismissal. A party seeking to transfer a case for the convenience of witnesses must identify the key witnesses to be called and must make a general statement of what their testimony will cover. The burden is upon it to give the names and locations of potential witnesses and the substance of their testimony. Sufficient information must be included in the affidavits to establish that the named witnesses are key witnesses who need to be called and that their testimony is material." (Citations and internal quotation marks omitted.) Id., 509-510. The defendant has not identified by name any witnesses whom it believes possess testimony material to this action nor has it provided the substance of their expected testimony. The mere assertion that witnesses are irretrievably located in Hawaii is not adequate to tip the scales in the defendant's favor on a motion to dismiss for forum non conveniens. CT Page 4003
Moreover, modern technology has rendered archaic the claim that testimony is irretrievably lost due to the physical location of the witness.[1] "Just as jet travel and satellite communications have significantly altered the meaning of "non conveniens'; so too has the advent of the videotaped deposition greatly transformed the meaning of "compulsory process" in a forum non conveniens calculus. Videotaped depositions frequently make corporeal transportation of foreign witnesses unnecessary." (Citations and internal quotation marks omitted.) Id., 511.
The defendant further asserts that Connecticut is an inconvenient forum because it would be prevented from exercising its right to implead and seek apportionment from others who may be liable for all or a portion of any damages awarded the plaintiff. The defendant asserts that the incident involving the plaintiff occurred on a tennis court that is owned by Kauai Lagoons Resort Company and operated by Spa, Inc. The defendant claims that both of these entities are Hawaiian corporations which do not conduct business in Connecticut and are not subject to personal jurisdiction in Connecticut. The defendant, therefore, would be precluded from seeking indemnification or apportionment in this action from either of these two entities.
The defendant cites numerous court decisions which have viewed the inability of a defendant to implead third parties to be an interest supporting dismissal on the grounds of forum non conveniens. See Piper Aircraft Co. v. Reyno, 454 U.S. 235,257-259 (1981); Fitzgerald v. Texaco. Inc., 521 F.2d 448,453 (2d Cir. 1975); Waxman v. Weston Hotels Resorts,
(1995 WL 242055 (S.D.N.Y.); Lacey v. Cessna Aircraft Co.,736 F. Sup. 662, 667 (W.D. Pa, 1990), rev'd on other grounds932 F.2d 170 (1991); Brown v. Blidberg Rothchild Co., 222 F. Sup. 18, 19
(D. Del., 1963); Fletcher v. Exxon Shipping Co., 727 F. Sup. 1086
(C.D. Tex 1989); and Weinke v. Weinke, 467 N.Y.S.2d 449 (1983). I agree that the inability to implead other potential wrongdoers is a factor that should be considered in determining whether the chosen forum is so inconvenient that the action should be dismissed. The inability to implead others because they are beyond the jurisdiction of the court burdens a defendant with bringing a separate subsequent action for contribution or indemnification should it be found liable to the plaintiff. The interest of judicial economy also counsels for one action, rather than two, wherever possible.
These interests of defendants and the courts however do not CT Page 4004 trump by themselves the strong presumption favoring a plaintiffs choice of forum. In each of the cases cited by the defendant, the inability of the defendant to implead others was simply one factor that the courts considered when balancing the various private and public interests involved. See e.g. Piper AircraftCo. v. Reyno, supra, 454 U.S. 235, in which the court upheld the District Court's dismissal of the action on the grounds of forum non conveniens because, in addition to the impleader bar, the plaintiffs were not residents of the chosen forum, evidentiary problems would be fewer in Scotland, and Scotland had a strong interest in the litigation since the accident occurred in its airspace and all the decedents were Scottish. The two Connecticut Superior Court decisions that I have found which have addressed the impleader issue have determined that dismissal on the grounds of forum non conveniens was not warranted even though the defendant was unable to implead other potential wrongdoers. SeeTilcon, Inc. v. First Union National Bank, judicial district of New Britain at New Britain, No. CV98 489997 (Sept. 13, 1999) (Shortall, J.) and Howard v. Colony Ford Truck Center. Inc.,
judicial district of New Haven at New Haven, No. CV95-0376527 (Aug. 8, 1996) (Corradino, J.).
Moreover, in each of the cases advanced by the defendant save one, Weinke v. Weinke, 467 N.Y.S.2d 449 (1983), the court found, in part, the chosen forum to be inconvenient because it was not the "home" jurisdiction of the plaintiff. See Piper Aircraft Co.v. Reyno, 454 U.S. 235 (1981) (the plaintiffs were the estates of citizens of Scotland); Fitzgerald v. Texaco, Inc., 521 F.2d 448
(2d Cir. 1975) (the plaintiffs were foreign corporations and the estate of deceased German seamen); Waxman v. Weston Hotels Resorts (1995 WL 242055 (S.D.N.Y.) (the plaintiff was a resident of New Jersey); Lacey v. Cessna Aircraft Co., 736 F. Sup. 662
(W.D. Pa, 1990) (the plaintiff was an Australian citizen working in Canada); Brown v. Blidberg Rothchild Co 222 F. Sup. 18 (D. Del., 1963) (the plaintiff was a resident of Alabama); and Fletcher v.Exxon Shipping Co., 727 F. Sup. 1086 (C.D. Tex 1989) (the plaintiff was an out-of-state resident). It is widely recognized that much less judicial deference is due the plaintiffs choice of a forum when the plaintiff is a stranger to that forum. Pickettsv. International Playtex, Inc., supra, 215 Conn. 502.
The defendant's assertion that this action should be dismissed because of its inability to implead others is further undercut by its failure to provide any factual support for its claim that it endeavors to implead other potential wrongdoers. The defendant CT Page 4005 does not identify for the court who might have done what wrong that warrants bringing them into this action. This court has no way of determining whether the defendant's desire to implead others because of their wrongdoing is anything more than wishful thinking. See Id., n. 8 (the court noted that the trial court found that the defendants failed to indicate a sufficient factual basis for their claim that they would have impleaded third parties, but for their preclusion in a Connecticut forum).
The defendant additionally asserts that the public's interest argues for dismissal. It claims that the Connecticut courts are congested, that the citizens of Hawaii have a greater interest than citizens of Connecticut in adjudicating a case involving a claim of defective premises at a tennis club located in Hawaii, and that the courts of Hawaii have a greater interest in adjudicating this case because it involves the application of Hawaiian tort law.
This court does not find any of these asserted interests to be particularly compelling. The defendant offers no evidence that the trial courts in Connecticut are any more congested that the trial courts of Hawaii. A single fall at a tennis court, while important to the plaintiff, does not appear to be of any consuming interest to the citizens of Hawaii. And the need to apply the law of another state is not particularly unusual or formidable. "The mere fact that the court is called upon to determine and apply foreign law does not present a legal problem of the sort which would justify the dismissal of a case otherwise properly before it. Connecticut courts are quite capable of applying foreign law when required to do so and it would be improper to invoke the doctrine of forum non conveniens solely to avoid a choice of law analysis." (Citations and internal quotation marks omitted.) Id, 512.
In sum, the balance of private and public interests fail in this case to overcome the strong presumption of the appropriateness of the home forum chosen by the plaintiff. Accordingly, the defendant's motion to dismiss is hereby denied.
Judge Jon M. Alander